**A.J. CANFIELD COMPANY, Plaintiff,**

v.

**VESS BEVERAGES, INC., Defendant.**

**No. 85 C 4368.**

United States District Court,
N.D. Illinois, E.D.

Dec. 9, 1987.

Richard H. Compere, Jeffrey A. Handelman, Pamela Johnson, Willian, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, Ill., for plaintiff.

David C. Hilliard, John Bostjancich, Pattishall, McAuliffe, Hofstetter, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This unfair competition suit brought by A.J. Canfield Company ("Canfield") against Vess Beverages, Inc. ("Vess") is before the court on Vess' motions for summary judgment, to vacate the preliminary injunction, and to set a hearing on damages. For the reasons described below, those motions are denied.

## FACTS

Canfield produces a diet soda under the alleged trademark "CHOCOLATE FUDGE." In January, 1985, a syndicated columnist for the *Chicago Tribune* named Bob Greene wrote an article praising Canfield's Diet Chocolate Fudge Soda, and as a result consumer demand for the product increased dramatically. Subsequent to Greene's article, Vess began producing a soft drink labeled Chocolate Fudge. Canfield then brought this suit alleging unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law unfair competition, and violations of the Illinois Anti-Dilution Statute, Ill.Rev.Stat. ch. 140, ¶ 22 (1986), and the Illinois Deceptive Trade Practices Act, Ill.Rev.Stat. ch. 121½, ¶¶ 311–17 (Supp.1986). The case was assigned to Judge Shadur.

Judge Shadur granted Canfield's motion for a preliminary injunction and denied Vess' motion for summary judgment. The United States Court of Appeals for the Seventh Circuit affirmed the grant of injunctive relief, *A.J. Canfield Co. v. Vess Beverages, Inc.*, 796 F.2d 903 (7th Cir. 1986). The appellate court agreed for purposes of the injunction that CHOCOLATE FUDGE was not a generic term and held that Canfield had more than a negligible chance of showing secondary meaning. *Id.* at 906–08.

Between the decisions rendered by Judge Shadur and by the Seventh Circuit, three other rulings issued. The first, from Judge Moran's chambers, also dealt with a motion for a preliminary injunction. *A.J. Canfield Company v. Shasta Beverages, Inc.*, No. 85–5187 slip op. (N.D.Ill. Aug. 12, 1985) [Available on WESTLAW, 1985 WL 3636]. Judge Moran described the primary issue as whether his case was different than Judge Shadur's. *Id.* at 2. Upon concluding that it was not, he too granted

injunctive relief without going into a detailed analysis of the relevant legal standards.

The second case is *Yoo-Hoo Chocolate Beverage Corporation v. A.J. Canfield Company,* 229 U.S.P.Q. 653 (D.N.J.1986) [Available on WESTLAW, 1986 WL 9720]. This too was a decision on a motion for a preliminary injunction. Judge Sarokin denied the motion, stating that CHOCOLATE FUDGE was a generic term and that it had not acquired any secondary meaning on the East Coast. *Id.* at 660–63.

The court in the third and final decision also ruled that CHOCOLATE FUDGE was a generic term and denied the motion for injunctive relief. *A.J. Canfield Company v. Honickman,* 808 F.2d 291, 307–08 (3d Cir.1986). The court came to this conclusion after determining that the relevant product genus was chocolate fudge diet sodas rather than chocolate diet sodas. *Id.* at 308.

## DISCUSSION

Vess argues that the decisions in the *Yoo-Hoo* and *Honickman* cases collaterally estop Canfield from claiming trademark protection in the term CHOCOLATE FUDGE. Canfield contends that the Seventh Circuit's ruling is the law of the case. We address the second argument first.

 The law of the case doctrine does not apply to the Seventh Circuit's opinion. It is well-settled that findings of fact and conclusions of law made in connection with a preliminary injunction are not binding at a later trial on the merits. *University of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981); *Technical Publishing Company v. Lebhar-Friedman, Inc.,* 729 F.2d 1136, 1139 (7th Cir.1984). That principle is particularly applicable in this case because the Seventh Circuit merely opined that CHOCOLATE FUDGE was probably not a generic term. *A.J. Canfield Company v. Vess Beverages, Inc., supra* at 906 (district court "not incorrect" in deciding that chocolate fudge is not a common descriptive term). Accordingly, this court turns its attention to the issue of collateral estoppel.

 Collateral estoppel precludes relitigation when "(1) the party against whom the doctrine is asserted was a party in the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical." *Gilldorn Savings Association v. Commerce Savings Association,* 804 F.2d 390, 392 (7th Cir.1986) (quoting *Kunzelman v. Thompson,* 799 F.2d 1172, 1176 (7th Cir.1986)). Canfield's main argument against the imposition of collateral estoppel is that there is no "earlier proceeding." It claims that the *Yoo-Hoo* and *Honickman* cases are not earlier proceedings because they were rendered after Judge Shadur's ruling. In response, Vess contends that this argument is foreclosed by the Seventh Circuit's decision in *Miller Brewing Company v. Jos. Schlitz Brewing Company,* 605 F.2d 990 (7th Cir.1979).

In *Miller Brewing Company v. Jos. Schlitz Brewing Company,* the court applied preclusive effect to the question of whether the term "light" was a generic term when used in reference to beer. The preclusive effect came from *Miller Brewing Company v. G. Heileman Brewing Company, Inc.,* 561 F.2d 75 (7th Cir.1977), a case reversing a preliminary injunction on the ground that the word "light" was generic. The court in *Schlitz* used the *Heileman* case as an "earlier proceeding" within the meaning of the collateral estoppel doctrine even though it explicitly noted that the *Heileman* suit was filed after the *Schlitz* action. *Miller Brewing Company v. Jos. Schlitz Brewing Company, supra* at 991.

The *Schlitz* case does not provide a complete answer to Canfield's argument, however, because unlike in this case there was no prior ruling on a motion for summary judgment. Judge Shadur determined that an issue of material fact exists as to whether Canfield can establish a secondary meaning in the term CHOCOLATE FUDGE. *A.J. Canfield v. Vess Beverages, Inc.,* 612 F.Supp. 1081, 1092 (N.D.Ill.1985). In so doing, he necessarily decided that CHOC-

OLATE FUDGE is not a generic term, since one does not address the question of secondary meaning unless one decides that a term is not generic. *See, e.g., Schmidt v. Quigg,* 609 F.Supp. 227, 230 (E.D.Mich. 1985). This ruling was not appealed to the Seventh Circuit.

In effect, then, what Vess wants this court to do is to overturn Judge Shadur's ruling because of intervening case law. Vess argues that the motion for summary judgment before Judge Shadur was different than this one because the litigation was only at preliminary stages and the factual record was undeveloped. The problem with that argument is that there are *no* facts before this court. Instead there are two later rulings on the same issue decided by Judge Shadur. Because collateral estoppel does not apply to subsequent rulings, the motion for summary judgment must be denied. It therefore follows that there is no reason to vacate the preliminary injunction or to set a hearing on damages.

## CONCLUSION

Vess' motions for summary judgment, to vacate the preliminary injunction, and to set a hearing on damages are denied.