**A.J. CANFIELD COMPANY, a corporation, Plaintiff–Appellee,**

v.

**VESS BEVERAGES, INC., a corporation, Defendant–Appellant.**

No. 88–1052.

United States Court of Appeals, Seventh Circuit.

Argued June 7, 1988.

Decided Oct. 3, 1988.

David C. Hilliard, Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, Chicago, Ill., for defendant-appellant.

Richard H. Compere, Willian, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, Ill., for plaintiff-appellee.

Before CUDAHY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

CUDAHY, Circuit Judge.

This case is one of several nationwide in which A.J. Canfield Co. ("Canfield") is attempting to prevent competitors from using the name "chocolate fudge" for diet sodas. Canfield brought this action in 1985, raising an unfair competition claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as pendent state law allegations against Vess Beverages, Inc. ("Vess"). Vess, based in St. Louis, had sought to market a diet chocolate fudge soda in its distribution area. On July 12, 1985, Judge Shadur denied Vess' summary judgment motion and granted Canfield a preliminary injunction. *A.J. Canfield Co. v. Vess Beverages, Inc.*, 612 F.Supp. 1081 (N.D.Ill.1985) (*"Vess I"*). This court affirmed the injunction. *A.J. Canfield Co. v. Vess Beverages, Inc.*, 796 F.2d 903 (7th Cir.1986) (*"Vess II"*).

In 1987, Vess returned to court with a motion for summary judgment and to vacate the injunction. The basis for the motion was collateral estoppel, in light of two cases decided after *Vess I*, both of which held that "chocolate fudge" as applied to diet soda is generic and therefore not protectable. *A.J. Canfield Co. v. Honickman*, 808 F.2d 291 (3d Cir.1986); *Yoo–Hoo Chocolate Beverage Corp. v. A.J. Canfield Co.*, 229 U.S.P.Q. (BNA) 653 (D.N.J.1986) [available on WESTLAW, 1986 WL 9720].

Judge Duff denied the motion. *A.J. Canfield Co. v. Vess Beverages, Inc.*, 674 F.Supp. 642 (N.D.Ill.1987) (*"Vess III"*). He construed Judge Shadur's opinion in *Vess I* as "necessarily" deciding that "chocolate fudge" is not generic, since that opinion found an issue of material fact as to secondary meaning, and a court only reaches the issue of secondary meaning if it finds a term not generic. *Id.* at 644–45. We disagree with that interpretation of Judge Shadur's opinion, and find Canfield's other arguments either waived or without merit. We therefore vacate and remand for further proceedings.

Collateral estoppel, or issue preclusion, precludes relitigation of an issue a party has previously litigated and lost. *See Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n*, 804 F.2d 390, 392 (7th Cir.1986). "In any lawsuit where a defendant ... is forced to present a complete defense on the merits to a claim which the plaintiff has fully litigated and lost in a prior action, there is an arguable misallocation of resources." *Blonder–Tongue Laboratories, Inc. v. University of Ill. Found.*, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971). Because "one fair opportunity to litigate an issue is enough," *Bowen v. United States*, 570 F.2d 1311, 1322 (7th Cir.1978), we generally will not allow a second bite at a single apple.

The burden of proving the elements of issue preclusion rests on the party claiming estoppel. *Gilldorn*, 804 F.2d at 393. Thus, Vess must show that:

(1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical.

*Kunzelman v. Thompson*, 799 F.2d 1172, 1176 (7th Cir.1986).

Canfield, a party to the *Honickman* and *Yoo–Hoo* cases, does not challenge Vess' assertion that the genericness issue was actually litigated and necessary to the results in those proceedings. In both cases,

the ultimate decisions denying injunctive relief were based on a finding that "chocolate fudge" is generic. *See Honickman,* 808 F.2d at 308; *Yoo–Hoo,* 229 U.S.P.Q. (BNA) at 662. And both decisions are sufficiently final to be given preclusive effect.

*Yoo–Hoo* is perhaps the clearest case. After the district court denied Canfield's request for a preliminary injunction, finding that Canfield was unlikely to show that "chocolate fudge" is not generic, the court gave Canfield the opportunity to present further evidence before an ultimate decision on genericness. *See Yoo–Hoo,* 229 U.S.P.Q. (BNA) at 664. Canfield declined to do so; therefore the court entered final judgment, clearly a decision on the merits for purposes of collateral estoppel if it were the earliest final decision on the question. *Yoo–Hoo Beverage Corp. v. A.J. Canfield Co.,* No. 85–3701 (D.N.J. July 8, 1986).[1]

Likewise, in *Honickman* the Third Circuit conclusively held that "chocolate fudge" is generic. *See* 808 F.2d at 308. However, that finding came on review of a preliminary injunction—unlike the final determination in *Yoo–Hoo.* In general, rulings in connection with grants or denials of preliminary relief will not be given preclusive effect. *See Miller Brewing Co. v. Jos. Schlitz Brewing Co.,* 605 F.2d 990, 995 (7th Cir.1976), *cert. denied,* 444 U.S. 1102, 100 S.Ct. 1067, 62 L.Ed.2d 787 (1980); *see also* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2962, at 630–31 (1973). Such rulings are often made on an incomplete record and are inherently tentative in nature. Usually, the grant or denial of relief is based not on a conclusive determination, but on an estimate of the likelihood of success.

Nonetheless, this court has held that, in certain rare instances, decisions granting or denying preliminary relief will be given preclusive effect. *See Miller,* 605 F.2d 990, 995. *Miller* is closely analogous to

this case. Miller sued Schlitz for unfair competition based on the latter's use of the term "Lite" for a reduced-calorie beer. We affirmed summary judgment for Schlitz because we had held in an earlier preliminary injunction proceeding that "Lite" was generic when applied to beer. We stated that a decision granting or denying a preliminary injunction "will be given preclusive effect if it is necessarily based upon a determination that constitutes an insuperable obstacle to the plaintiff's success on the merits." *Id.*

*Miller's* expansive view of collateral estoppel has not been widely followed. But here the case is directly on point. The Third Circuit's decision in *Honickman,* after exhaustive analysis, *see* 808 F.2d at 298–308, is a conclusive determination that "chocolate fudge" is generic, just the sort of "insuperable obstacle" the *Miller* court had in mind. Judge Becker clearly intended to firmly and finally resolve the issue.[2] Thus, *Yoo–Hoo* and perhaps *Honickman* are final decisions for preclusion purposes; they estop Canfield from relitigating the point in this case unless they were not the first conclusive rulings on the question.

Canfield contends, and the district court found, that *Yoo–Hoo* and *Honickman* were not earlier determinations because Judge Shadur in *Vess I* "necessarily" held that "chocolate fudge" is not generic. Therefore, Judge Shadur's was the first determination on the question, becoming the law of the case as well as preventing *Yoo–Hoo* and *Honickman* from having preclusive effect.

Canfield's precise argument is that Judge Shadur "specifically found that CHOCOLATE FUDGE was not a generic term when used in association with Canfield's soft drink." Brief for Plaintiff-Appellee at 11. That statement is unaccompanied by citation to the opinion, which is not surprising given that Judge Shadur made *no* explicit finding as to whether the term

---

1. Canfield's appeal was dismissed by stipulation of the parties. Appendix at 21.

2. By contrast, Judge Shadur's opinion in *Vess I* barely touches upon genericness in the preliminary injunction ruling, and Canfield is forced to

argue based on inferences from the opinion's silence. This sort of speculation does not justify deviation from the general rule that such determinations are not given preclusive effect. *See infra* pp. 39–40.

is generic. In granting the preliminary injunction, he briefly discussed the issue but the opinion never resolves the question. Judge Shadur simply states that "a word or phrase *may* be generic in one usage and *may* function as a trademark in another." *Vess I*, 612 F.Supp. at 1090 (emphasis supplied). Thus, any discussion of genericness in *Vess I* was in terms of probabilities, not certainties, and the brief mention of the issue was not full litigation and decision on the merits for purposes of issue preclusion.

Judge Duff's approach in *Vess III* differed slightly from that taken by Canfield. He felt that Judge Shadur, in denying Vess' summary judgment motion, *implicitly* held that "chocolate fudge" is not generic. Judge Shadur rejected the motion because "[t]here is a genuine issue of material fact as to whether 'Chocolate Fudge' has in fact obtained ... secondary meaning." *Vess I*, 612 F.Supp. at 1092. Secondary meaning is irrelevant if the term is generic. Judge Duff therefore reasoned that for an issue of fact as to secondary meaning to exist, Judge Shadur must have concluded that "chocolate fudge" is not generic.

That inference, while certainly plausible, is not compelled by Judge Shadur's opinion. Ordinarily, a court should determine genericness prior to examining secondary meaning. But there is no evidence that Judge Shadur made a finding on genericness in this case. The summary judgment section of the opinion is silent on the question, and it is only briefly and inconclusively discussed in the injunction ruling. In granting preliminary relief and denying summary judgment, Judge Shadur made it clear that he was making no final determinations. *See id.* (reiterating that discussion concerns *likelihood* of success); *id.* at 1089 (court may later determine that injunction was improperly issued because term is neither suggestive nor "merely descriptive"). Given the general presumption against giving preclusive effect to preliminary rulings, and given the paucity of evidence that Judge Shadur actually found "chocolate fudge" not generic, we cannot find that *Vess I* conclusively resolved the issue. *Vess I* was therefore not a final determination for estoppel purposes.

This court affirmed the *Vess I* injunction in *Vess II*. On the genericness point, as Judge Duff correctly noted, we "merely opined that CHOCOLATE FUDGE was probably not a generic term." *Vess III*, 674 F.Supp. at 644; *see Vess II*, 796 F.2d at 906. We said only that Judge Shadur's findings were "not incorrect." *Vess II*, 796 F.2d at 906. Again, our opinion dealt with probabilities only, since we were determining the likelihood of success on the merits. A decision that Canfield is *likely* to be able to show that "chocolate fudge" is not generic is not a holding that the term *is* not generic. And unlike the *Honickman* court, we did not extensively discuss and conclusively resolve the question. Thus, neither *Vess I* nor *Vess II* decided whether the term is generic. It follows that, from our present perspective, *Yoo–Hoo* and *Honickman* are prior decisions on the issue and collateral estoppel is appropriate, unless Vess failed to prove identity of issues among the different proceedings.

Canfield argues that the issues are not identical. Specifically, it contends that "chocolate fudge" may be generic in the eastern United States but not in the Midwest. A few cases have held that a term may be generic in one market and not generic in another. *See Anheuser–Busch, Inc. v. Stroh Brewing Co.*, 750 F.2d 631, 642 (8th Cir.1984). We need not decide the applicability, if any, of such cases in this circuit, as Canfield did not raise the issue below. Its memorandum in opposition to Vess' renewed summary judgment motion is based solely on the argument that Judge Shadur decided the question in *Vess I*. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, to Vacate the Preliminary Injunction and to Set a Hearing for Damages. "[A] party opposing a summary judgment motion must inform the trial judge of the reasons ... why summary judgment should not be entered." *Liberles v. County of Cook*, 709 F.2d 1122, 1126 (7th Cir. 1983). "Arguments not raised in the trial court cannot be raised for the first time on appeal." *Mandarino v. Pollard*, 718 F.2d 845, 848 (7th Cir.1983), *cert. denied*, 409

U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *see also* 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2716, at 650–54 (2d ed. 1983). The issue is waived.[3]

Canfield's final argument is that *Yoo-Hoo* and *Honickman* should not be given preclusive effect because they are inconsistent with prior determinations of the issue. *See Restatement (Second) of Judgments* § 29 (1982). Once again, the argument was not raised below; so it is waived. Were we to reach the merits, we would still reject it. The inconsistent prior determination argued by Canfield is *A.J. Canfield Co. v. Concord Beverage Co.*, 629 F.Supp. 200 (E.D.Pa.1985), but that case was reversed by the Third Circuit in *Honickman*.[4] There is no prior inconsistent final determination.

Canfield also tries a more expansive variation of this argument, using it to attack the Third Circuit's *reasoning* in *Honickman*. Canfield in essence wants to allow relitigation of the issue in the guise of showing that *Honickman* was inconsistent with prior caselaw. We refuse to undertake such analysis. *Restatement* section 29 is intended to allow relitigation where there are conflicting decisions precisely on point. The exception would soon swallow the rule if it allowed for relitigation whenever a losing party felt that the reasoning of an opinion was inconsistent with the reasoning of prior cases in the same general area. Canfield lost on this question in two earlier cases; what we think of those courts' analyses is not relevant.

In short, we must reverse the decision for Canfield. Two courts determined that "chocolate fudge" as a description of soda is generic prior to any determination of the issue in this case. Canfield's other argu-

ments were not presented below and are therefore waived. We vacate the injunction and the denial of Vess' summary judgment motion, and remand so that the district court may enter judgment for the defendant and address Vess' plea for damages.

VACATED AND REMANDED.

---

**3.** We note in passing that the record clearly shows that Canfield never considered this a geographically limited case. It requested and received nationwide injunctive relief against Vess. *Cf. Vess II,* 796 F.2d at 910 (Cudahy, J., dissenting) (Canfield should receive an injunction limited to the Midwest only). This fact gives added support to our finding of waiver.

**4.** Plaintiff also brings to our attention *A.J. Canfield Co. v. Shasta Beverages, Inc.*, No. 85 C 5187

(N.D.Ill. Aug. 12, 1985) [available on WEST-LAW, 1985 WL 3636]. In that case Judge Moran entered a preliminary injunction for Canfield; Shasta later consented to a permanent decree, entered on September 29, 1986. Judge Moran's preliminary decision followed *Vess I* by two weeks. He did not independently analyze the issues, simply mechanically following *Vess I.* As *Vess I* did not find "chocolate fudge" not generic, clearly *Shasta* did not decide the issue.