718 F.2d 845
 Joseph MANDARINO, Plaintiff-Appellant,
v.
Mardyth POLLARD, Individually and in her Capacity as Mayor
of the Village of Lombard, Illinois; Warren Browning,
Individually and in his Capacity as Village Manager of the
Village of Lombard, Illinois; Gregory Yangas, Individually
and as Trustee of the Village of Lombard, Illinois; William
Francis, Individually and as Trustee of the Village of
Lombard, Illinois; John Garrity, Individually and as
Trustee of the Village of Lombard, Illinois; and the
Village of Lombard, Illinois, a Municipal Corporation and
Governmental Subdivision of the State of Illinois,
Defendants-Appellees.
 No. 82-3109.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 27, 1983.
Decided Oct. 7, 1983.
 
 1
 Walter P. Maksym, Jr., Botti, Marinaccio & Maksym, Ltd., Oak Brook, Ill., for plaintiff-appellant.
 
 
 2
 Sarah Hansen Sotos, Klein, Thorpe & Jenkins, Ltd., Chicago, Ill., for defendants-appellees.
 
 
 3
 Before WOOD and ESCHBACH, Circuit Judges, and GORDON, Senior District Judge.*
 
 
 4
 MYRON L. GORDON, Senior District Judge.
 
 
 5
 Joseph Mandarino seeks review of a decision dismissing his complaint on the ground of res judicata. For the reasons stated below, we affirm the ruling of the district court.I. FACTS
 
 
 6
 The appellant's basic grievance is his allegedly wrongful discharge as chief of police of the Village of Lombard, Illinois. He was hired for this position pursuant to section 2.40.020 of the Lombard Village Code, which states:
 
 
 7
 The Village Manager is authorized to appoint, suspend or discharge the Chief of Police without the consent of the Board of Trustees.
 
 
 8
 Mandarino became chief of police in November, 1977; in June, 1979, the village manager gave him written notice of his termination, again pursuant to section 2.40.020 of the Village Code. The manager made no allegations of wrongdoing, but simply stated that Mandarino's performance in his position had fallen short of the manager's expectations.
 
 
 9
 Mandarino asked to be informed of the specific reasons for his termination and requested a public hearing on the matter. Both requests were denied. He then brought suit against the Village of Lombard in the circuit court for Du Page County, Illinois. In this state court action Mandarino sought a declaratory judgment that he had been wrongfully terminated and that section 2.40.020 of the Lombard Village Code was contrary to Illinois law. The latter claim was based on Mandarino's contention that the local code conflicted with a state statute governing the hiring and firing of police chiefs and also that it violated the due process and equal protection clauses of the Illinois Constitution. The appellant's complaint in his state court action also included a second count, in which he requested a preliminary injunction enjoining the Village of Lombard from hiring anyone other than himself as its permanent chief of police.
 
 
 10
 Following a hearing, the Illinois circuit court granted the village's motion for judgment on the pleadings. Mandarino appealed this determination to the appellate court of Illinois, which affirmed the circuit court's judgment. Mandarino v. Village of Lombard, 92 Ill.App.3d 78, 46 Ill.Dec. 624, 414 N.E.2d 508 (1980). Mandarino petitioned for leave to appeal this decision to the Illinois Supreme Court. His petition was denied.
 
 
 11
 Mandarino then brought the federal court action that is the subject of this appeal. In his complaint, he alleged that the circumstances of his discharge, particularly the failure to provide him with a name-clearing hearing, violated his civil rights under 42 U.S.C. Secs. 1981, 1983, 1984, 1985, and 1988, as well as the first, fifth, and fourteenth amendments to the United States Constitution. In addition to the Village of Lombard, the appellant named as defendants the village mayor, the village manager, and several trustees of the village board. These persons were sued in both their official and individual capacities. Along with his federal civil rights claims, Mandarino asserted two pendent state law claims, for interference with prospective economic advantage and wrongful discharge.
 
 
 12
 The defendants moved to dismiss the complaint on the basis that the earlier state court judgment barred Mandarino, under principles of res judicata, from pressing his claims in federal court. The district court granted the motion and dismissed the complaint. This appeal followed.
 
 II. DECLARATORY JUDGMENT EXCEPTION
 
 13
 The appellant's principal argument in this court is that the earlier state court judgment is not res judicata because it was rendered in an action for declaratory relief. He bases this argument on the recognition, in Restatement (Second) of Judgments Sec. 33 (1982), of a so-called "declaratory judgment exception" to the usual principles of res judicata. The Restatement rule provides that a declaratory judgment bars relitigation of issues actually decided but does not preclude a later action seeking coercive relief based on the same cause of action.
 
 
 14
 The appellees assert that the appellant's "declaratory judgment exception" argument was not raised in the district court and cannot be entertained for the first time on appeal. We agree. The principal thrust of the appellant's brief in the court below was that the right to a name-clearing hearing was not recognized at the time of his state court action and thus his federal action could not be barred by his earlier failure to assert that right. Nowhere in his brief was the declaratory judgment exception mentioned. Section 33 of the Restatement (Second) of Judgments was not cited; neither were the cases Mandarino relies on in this court to establish the "exception." Mandarino's isolated references in his brief below to the declaratory nature of the state court action were general in terms. They were not sufficient to alert the district court or the defendants to his reliance on a rarely encountered exception to traditional res judicata principles. We conclude that Mandarino's declaratory judgment exception argument was not presented to the court below.
 
 
 15
 Arguments not raised in the trial court cannot be raised for the first time on appeal. See, e.g., Phillips v. Hunter Trails Community Association, 685 F.2d 184 (7th Cir.1982); Textile Banking Co. v. Rentschler, 657 F.2d 844 (7th Cir.1981). Narrow exceptions to this rule have been recognized, as, for instance, where jurisdictional issues are involved or where, "in exceptional cases, justice demands more flexibility." Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1333 (7th Cir.), cert. denied, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). No jurisdictional issues are involved in the case at bar, and we know of no reason for justice to "demand more flexibility" in this case. Therefore, we conclude that the appellant's "declaratory judgment exception" argument is not properly before us on this appeal.
 
 
 16
 Even if we were to consider this argument, it would be of no avail to the appellant. Under 28 U.S.C. Sec. 1738, we must give the prior Illinois judgment entered in the appellant's declaratory judgment action the same preclusive effect as it would be afforded by Illinois courts. Harl v. City of La Salle, 679 F.2d 123, 125 (7th Cir.1982). Mandarino has cited no Illinois authority that stands for the rule contained in section 33 of the Restatement (Second) of Judgments. The only case he refers to in direct support of Illinois adoption of the declaratory judgment exception is LaSalle National Bank v. County of Du Page, 77 Ill.App.3d 562, 32 Ill.Dec. 935, 396 N.E.2d 48 (1979). Although that case did hold that a second suit was not precluded by a prior declaratory judgment, the rationale relied on by the court arose from the special characteristics of zoning cases; no weight was given to the fact that the prior action had involved only a declaratory judgment.
 
 
 17
 Assuming, arguendo, that some controlling authority existed for application of the declaratory judgment exception in this circuit, Mandarino's reliance on that exception would still not aid him in this appeal. As stated in Restatement (Second) of Judgments Sec. 33, comment c, the purpose of declaratory actions is to supplement other types of litigation by providing "a remedy that is simpler and less harsh than coercive relief." According to the Restatement, this purpose is furthered when a plaintiff who has sought "solely" declaratory relief is later permitted to seek additional, coercive relief based on the same claim.
 
 
 18
 Under this rationale, permitting Mandarino to proceed with his federal lawsuit would not further the purpose of declaratory actions, since his state court action did not seek "solely" declaratory relief. Instead, his request for a judicial declaration was coupled with a request for a preliminary injunction which, if granted, would have prevented the Village of Lombard from replacing him as police chief for the duration of the litigation. Under these circumstances, the policy underlying the declaratory judgment exception must give way to the policy underlying traditional res judicata principles, namely, "to protect defendants and the courts from a multiplicity of suits arising from the same cause of action." Gasbarra v. Park-Ohio Industries, Inc., 655 F.2d 119, 121 (7th Cir.1981). We conclude that even if the rule stated in Restatement (Second) of Judgments governed resolution of this appeal, Mandarino's pursuit of injunctive relief in his state court action would remove him from the protections of the rule.
 
 III. TRADITIONAL RES JUDICATA PRINCIPLES
 
 19
 The remaining issues on this appeal relate to the correctness of the district court's application of traditional res judicata principles in the circumstances of this case. We recently restated those principles in Lee v. City of Peoria, 685 F.2d 196 (7th Cir.1982).
 
 
 20
 The doctrine of res judicata is that a final judgment on the merits in a court of competent jurisdiction bars the same parties or their privies from relitigating not only the issues which were in fact raised and decided but also all other issues which could have been raised in the prior action.... The essential elements of the doctrine are generally stated to be: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.
 
 
 21
 Id. at 199 (citations omitted).
 
 
 22
 The Lee case held that these principles of res judicata applied in the case of a federal civil rights action based on the same claim that had been decided in a prior state court proceeding. Id. Therefore, if the district court was correct in concluding that the elements of res judicata listed in Lee were met in the case at bar, the dismissal of this action must be affirmed.
 
 
 23
 The first element is a final judgment on the merits in an earlier action. In Mandarino's state court lawsuit, the circuit court for Du Page County granted the Village of Lombard's motion for judgment on the pleadings. Contrary to the appellant's assertion, this was a final judgment on the merits, as defined in Harper Plastics, Inc. v. Amoco Chemicals Corp., 657 F.2d 939 (7th Cir.1981). The existence of a judgment on the merits denying the appellant's request for declaratory relief makes irrelevant his argument in this court that the grant or denial of a preliminary injunction is not a judgment on the merits.
 
 
 24
 The appellant argues that the existence of a prior judgment on the merits has not been established because the appellees failed to place on the record the Illinois circuit court judgment granting the Village of Lombard's motion for judgment on the pleadings. This argument borders on the frivolous when it is considered that (1) Mandarino's own complaint acknowledges that his action in Illinois circuit court "resulted in a dismissal of his Complaint for Declaratory Relief," and (2) Mandarino's counsel admitted the existence of the judgment at oral argument. Whatever slight weight the appellant's technical argument might have had is completely dispelled by this court's ability judicially to notice the circuit court judgment. E.g., Barrett v. Baylor, 457 F.2d 119 (7th Cir.1972); Wagner v. Fawcett Publications, 307 F.2d 409 (7th Cir.1962); United States v. Bleasby, 257 F.2d 278 (3d Cir.1958). Such notice is hereby taken.
 
 
 25
 The district court was clearly correct in determining that a prior judgment on the merits exists. The court was also correct in its conclusion that the second element of res judicata set out in Lee, an identity of causes of action between the earlier and later suits, is present. The test for deciding whether there is one cause of action was described in Lee as follows:
 
 
 26
 "[A] cause of action consists of a single core of operative facts which give the plaintiff a right to seek redress for the wrong concerned. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the alleged different causes of action asserted...."
 
 
 27
 685 F.2d at 200, quoting Morris v. Union Oil Co. of California, 96 Ill.App.3d 148, 51 Ill.Dec. 770, 777, 421 N.E.2d 278, 285 (1981).
 
 
 28
 The court in Lee concluded, with regard to the circumstances of that case, that "[b]oth the state proceedings and this suit arose from the same set of operative facts and the validity of Lee's discharge is crucial to both." Id. A similar conclusion is justified in the case at bar. The "operative facts" underlying Mandarino's state court action consisted of his termination as police chief and the circumstances surrounding that termination. The same operative facts are involved in his action in federal court. That he now advances a different legal theory and seeks additional forms of relief does not alter the identity of the cause of action in his federal and state suits. See, e.g., Rosenthal v. Nevada, 514 F.Supp. 907 (D.Nev.1981).
 
 
 29
 The third element of res judicata listed in Lee is an identity of parties or their privies in the earlier and later suits. The defendant in the appellant's state court suit was the Village of Lombard. The defendants in his federal action include, in addition, the village mayor, the village manager, and several trustees of the village. A government and its officers are in privity for purposes of res judicata. Sunshine Coal Co. v. Adkins, 310 U.S. 381, 402, 60 S.Ct. 907, 916-17, 84 L.Ed. 1263 (1939); Church of the New Song v. Establishment of Religion, 620 F.2d 648 (7th Cir.1980), cert. denied, 450 U.S. 929, 101 S.Ct. 1387, 67 L.Ed.2d 361 (1981); Consolidated Distilled Products v. Allphin, Inc., 73 Ill.2d 19, 21 Ill.Dec. 853, 382 N.E.2d 217 (1978); City of Elmhurst v. Kegerreis, 392 Ill. 195, 64 N.E.2d 450 (1946). See also Lambert v. Conrad, 536 F.2d 1183 (7th Cir.1976). The district court correctly concluded that the individual defendants in Mandarino's federal action are in privity with the Village of Lombard, the defendant in his state court action. The third element of res judicata set out in Lee is therefore present.
 
 
 30
 The elements of res judicata having been established, the appellant is barred from relitigating not only the issues that were actually decided in his earlier state court action but also all other issues that could have been decided in that action. Lee, 685 F.2d at 199. In the district court, Mandarino argued that one of his federal claims, the right to a name-clearing hearing, could not have been raised in the state court because such a right was not recognized at the time of his state court action. He asserted that his federal action was therefore not barred as to this claim. Mandarino appears to have abandoned this contention on appeal, so we need not address it, other than to note that the district court properly resolved this issue against the appellant.
 
 
 31
 All of the issues raised by the first count of Mandarino's federal complaint could have been raised and decided in his earlier state court action. The district court was therefore correct in dismissing this count on the basis of res judicata. The two pendent state law claims were also properly dismissed for lack of pendent jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
 
 
 32
 For the foregoing reasons the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Myron L. Gordon, Senior District Judge for the United States District Court for the Eastern District of Wisconsin, is sitting by designation