Otis POINTER, Plaintiff,

v.

CROWN CORK & SEAL COMPANY, INC., and Jerry Ackerman, Defendants.

Civ. A. No. H–92–291.

United States District Court, S.D. Texas, Houston Division.

May 19, 1992.

## ORDER OF REMAND

KENT, District Judge.

Before the Court is Plaintiff's Motion to Remand. For the reasons stated below, the Court is of the opinion that the motion should be GRANTED.

### I.

Plaintiff initiated the instant action on January 29, 1992. Plaintiff alleges that he was discharged by Defendant Crown Cork & Seal Company, Inc. in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* On or about February 11, 1992 Plaintiff filed suit in Texas state court ("State Court Action") alleging that his discharge violated the Texas Commission on Human Rights Act, Tex.Rev.Civ.Stat.Ann. art. 5221k. *Pointer v. Crown Cork & Seal Co.*, No. 76,555 (Dist. Ct. of Fort Bend County, 240th Judicial Dist. of Texas). On March 6, 1992, Defendants removed the State Court Action to this Court. Plaintiff now moves to remand.

### II.

Defendants argue that removal was proper because Plaintiff's federal and state law claims arise from the same facts. Therefore, Plaintiff has only one cause of action, and he cannot, by "artful pleading" split that cause of action into separate federal and state claims.

This argument misses the point. It is true that Plaintiff's state and federal claims are based on the same facts. Therefore, this Court could have exercised supplemental jurisdiction over Plaintiff's state law claims *had Plaintiff chosen to assert them in this Court together with his federal claims.* 28 U.S.C. § 1367. This fact alone, however, does not mean that this Court has removal jurisdiction over the State Court Action, given that Plaintiff has chosen not to assert his state claims in federal court.

An action is not removable if it could not have originally been brought in federal court. Thus, removal is proper only where

Blair Bernard Brininger, Houston, Tex., for plaintiff.

Maureen McPherson Spector, Houston, Tex., for defendants.

a federal court could have exercised original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). In the instant case, Defendants allege that removal is proper because this Court could have exercised original federal question jurisdiction.

### A.

■ Under the "well pleaded complaint rule," federal question jurisdiction is proper only where a federal question appears on the face of the plaintiff's properly pleaded complaint. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). Where original federal question jurisdiction exists, a case may be removed pursuant to 28 U.S.C. § 1441(a). *Caterpillar, Inc. v. Williams, supra*, 482 U.S. at 392–93, 107 S.Ct. at 2429–30; *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983).

■ In the instant case, Plaintiff's pleadings in the State Court Action assert claims under Texas law only. Moreover, there is no question that such claims are properly made: had Plaintiff not filed a parallel federal action based on federal law, it is beyond question that the State Court Action would not be removable. Therefore, a federal question does not appear on the face of Plaintiff's well pleaded complaint.

### B.

■ Some actions, however, are removable even though the well pleaded complaint rule has not been satisfied. *Williams*, 482 U.S. at 393, 107 S.Ct. at 2430, *Franchise Tax Board*, 463 U.S. at 22, 103 S.Ct. at 2853. The preemptive force of certain federal statutes is so great that they convert otherwise ordinary state law claims into federal claims for purposes of the well pleaded complaint rule. *Williams*, 482 U.S. at 393, 107 S.Ct. at 2430; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987); *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 675, 94 S.Ct. 772, 781, 39 L.Ed.2d 73 (1974). If a plaintiff's state law claim is preempted by federal statute, the plaintiff cannot, by "artful pleading" avoid removal by attempting to characterize his claim as a state law claim only. *See, e.g., Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir.), *cert. denied*, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). In the instant case, however, it is undisputed that ADEA and Title VII do not preempt Plaintiff's state law claims. *See* 42 U.S.C. § 2000e–7.

### C.

Defendants cite numerous cases for the proposition that Plaintiff cannot pursue parallel federal and state actions. None of these cases, however, hold that, in circumstances such as those presented in the instant case, a state law action asserting only state law claims is removable solely because it is based on the same facts as those underlying a pending federal action.[1] The majority of the cases cited do not concern removal at all,[2] but rather address the preclusive effect of a prior judgment in a subsequent proceeding. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398–402, 101 S.Ct. 2424, 2427–30, 69 L.Ed.2d 103 (1981); *Wabash Valley Power Ass'n v. Rural Electrification Admin.*, 903 F.2d 445, 455 (7th Cir.1990); *Punton v. City of Seattle*, 805 F.2d 1378, 1382–83 (9th Cir.1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1954, 95 L.Ed.2d 527 (1987); *Alexan-*

---

1. In particular, *In re Fuel Oil and Terminaling, Inc.*, 30 B.R. 360 (Bankr.N.D.Tex.1983) does not stand for this proposition. Rather, in that case, the bankruptcy court held that the phrase "claim or cause of action" in the bankruptcy removal statute should be interpreted to mean "separate and independent cause of action." The case does not hold that a state action over which a federal court does not otherwise have jurisdiction is removable based on the existence of a federal action based on the same underlying facts.

2. In *Eitmann v. New Orleans Pub. Serv., Inc.*, 730 F.2d 359, 365–67 (5th Cir.1984), the Fifth Circuit held that an employees state law claims were completely preempted by the Labor Management Relations Act, and that, therefore, the action was properly removed from state court.

*der v. Chicago Park Dist.*, 773 F.2d 850, 853–55 (7th Cir.1985), *cert. denied*, 475 U.S. 1095, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986); *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1437–39 (9th Cir.1985); *Mandarino v. Pollard*, 718 F.2d 845, 847–50 (7th Cir.1983), *cert. denied*, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). It is true that if a final judgment had already been rendered in the State Court Action, this action would be barred by res judicata. *See, e.g., Mandarino*, 718 F.2d at 849. Similarly, if a final judgment had already been entered in the federal action, a subsequent state court action would be removable on the ground that federal courts have jurisdiction to enforce their orders and judgments. *See, e.g., Sullivan v. First Affiliated Sec., Inc., supra*, 813 F.2d at 1375–76. However, in the instant case, no final judgment has been rendered in either action. While it is true that a final judgment in either action will preclude prosecution of the remaining action, this fact alone does not make the State Court Action removable. *Id.* at 1373–77.

### D.

■ Thus, in the Court's view, a state court action asserting only state law claims is not removable unless the plaintiff's state law claims are preempted by federal law or the defendant is entitled to assert the defense of res judicata or a similar defense.

This decision is consistent with the Fifth Circuit's decision in *Powers v. South Cent. United Food & Commercial Workers Unions*, [3] in which the court was required to apply the Supreme Court's decision in *Federated Dept. Stores, Inc. v. Moitie, supra*. In *Moitie*, the plaintiffs initially filed an antitrust action in federal court. This action was dismissed for lack of standing. Two of the plaintiffs chose not to appeal this decision, and, instead, filed an action based on the same facts in California state court asserting only state law claims. The defendants removed, and the district court denied remand under the "artful pleading" doctrine. On the merits, the district court held that the plaintiffs' claims were barred

by the res judicata effect of the prior federal judgment. On appeal the Ninth Circuit affirmed removal but held res judicata inapplicable. *Moitie*, 452 U.S. at 395–98 & n. 2, 101 S.Ct. at 2427 & n. 2. The Supreme Court, however, reversed this latter ruling, holding that the doctrine of res judicata bars the relitigation of an unappealed adverse judgment, even where other plaintiffs have successfully appealed similar adverse judgments. *Id.* at 395–402, 101 S.Ct. at 2426–30.

The *Moitie* Court did not, however, explain why the defendants' initial removal to federal court was proper. Instead, the Court simply noted that the Ninth Circuit had affirmed removal on the ground that the claims were "federal in nature," and agreed "that at least some of the claims had a sufficient federal character to support removal." *Id.* at 397 n. 2, 101 S.Ct. at 2427 n. 2. *See also id.* at 395, 101 S.Ct. at 2426 ("The only question presented … is whether the … Ninth Circuit validly created an exception to the doctrine of res judicata").

Thus, following *Moitie*, the precise boundary between those state claims which were sufficiently "federal" in character to support removal and those which were not was somewhat unclear. The Fifth Circuit addressed this question *Powers*. In that case, participants in an employee health and welfare plan brought an action against the plan alleging state law claims for negligence, fraud, and deceptive trade practices. The defendant removed on the ground that plaintiffs' claims were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Subsequently, the district court denied the plaintiffs' motion to remand on the ground that the plaintiffs' claims were preempted by ERISA and that the claims were within the exclusive jurisdiction of the federal court. *Id.* at 761–62.

On appeal, the Fifth Circuit reversed, holding that ERISA preemption was merely a federal defense, and that, absent complete diversity or other statutory authorization, a state court action asserting only

---

**3.** 719 F.2d 760 (5th Cir.1983).

**168**

state law claims is removable only if the state law claims are totally preempted by federal law or the plaintiff has consented to the federal forum.[4] *Id.* at 766. *See also Sullivan v. First Affiliated Sec., Inc., supra,* 813 F.2d at 1375–77 (absent federal preemption, state court action asserting only state law claims not removable unless defendants entitled to res judicata defense).

### E.

In the instant case, Plaintiff's state law claims are not preempted by federal law. Nor has Plaintiff consented to having his state claims heard in federal court. Therefore, this Court lacks subject matter jurisdiction, and the State Court Action was improperly removed.

It is true that Plaintiff has chosen a remarkably inefficient means to prosecute his claims. A final judgment in either action will preclude prosecution of the remaining action. *See, e.g., Mandarino v. Pollard, supra,* 718 F.2d at 849. Thus, unless he consolidates all his claims in one action he will never have the opportunity to present both his federal and his state claims. Nevertheless, this fact does not confer jurisdiction on this Court.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Remand is GRANTED.

IT IS SO ORDERED.

---

**4.** While the specific holding in *Powers,* that ERISA preemption will not support removal because it is merely a federal defense to a state court action asserting state law claims, has been undermined by subsequent decisions, *see Metropolitan Life Ins. Co. v. Taylor, supra,* 481 U.S. at 64–67, 107 S.Ct. at 1546–48, the general principal remains.