STERICYCLE, INCORPORATED, Michael D. Brennan and Randall R. Garczynski, Plaintiffs–Appellants,

v.

CITY OF DELAVAN, Employers Mutual Casualty Company and Twin City Fire Insurance Company, Defendants–Appellees.

No. 96–3825.

United States Court of Appeals,
Seventh Circuit.

Argued May 16, 1997.

Decided July 8, 1997.

Rehearing Denied Aug. 1, 1997.

Linda Stover Isnard, Gilbert J. Berthelsen, Terrance L. Kallenbach (argued), Capwell and Berthelsen, Racine, WI, for Plaintiffs–Appellants.

Wayne M. Yankala (argued), Mark J. Mingo, Mingo & Yankala, Milwaukee, WI, D. Schuyler Davies, Robert E. Mahoney, Leslie L. Johnson, Brennan, Steil, Basting & Mac-Dougall, Delavan, WI, for City of Delavan, Defendant–Appellee.

Wayne M. Yankala, Mark J. Mingo, Mingo & Yankala, Milwaukee, WI, for Employers Mut. Cas. Co., Defendant–Appellee.

Thomas R. Schrimpf, Hinshaw & Culbertson, Milwaukee, WI, for Twin City Fire Ins. Co., Defendant–Appellee.

Before CUMMINGS, FLAUM and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

The plaintiffs brought this action under 42 U.S.C. § 1983 seeking damages allegedly suffered as the result of an unconstitutional ordinance. The district court granted summary judgment to the City of Delavan, Wisconsin on the ground that the instant action was barred by a prior state court judgment. We affirm.

## I

## BACKGROUND

Michael Brennan and Randall Garczynski wanted to purchase some land in Delavan and to transfer it to Stericycle. Stericycle in turn had plans to build a medical waste treatment and recycling plant on the property. Delavan accepted a written offer to purchase the land and issued a conditional-use permit that would allow the plaintiffs to construct the planned facility. Delavan then had second thoughts about the matter and enacted an ordinance that prohibited the transportation of medical waste into the city for disposal, incineration and/or processing unless the waste had been originally produced in Delavan.

The plaintiffs sued Delavan in Wisconsin state court, specifically in the Circuit Court of Walworth County. Their complaint prayed for (1) a declaratory judgment that the ordinance was unconstitutional, and (2) an injunction enjoining Delavan from enforcing the ordinance. The plaintiffs prevailed. The state court's findings of fact and conclusions of law stated:

[T]he plaintiffs ... are entitled to a declaratory judgment ... declaring the [ordinance] regulating medical waste to be void, unconstitutional, invalid and of no effect. The plaintiffs are further entitled to a judgment enjoining the City of Delavan from enforcing its [ordinance] regulating medical waste as against the plaintiffs in this action, and as against all others. The plaintiffs are further entitled to all taxable costs and disbursements as may be taxed by the Court upon entry of judgment in this matter.

R.12, Ex.C at 9. The court concluded, "LET JUDGMENT BE ENTERED ACCORDINGLY." *Id.* A few months later, the court entered a judgment on its findings of fact and conclusions of law "for the relief provided therein and for taxable costs in favor of [the] plaintiffs." R.12, Ex.D at 2.

The plaintiffs then brought this action in the district court under § 1983 to recover the damages they allege were caused by the ordinance while it was in effect. The plaintiffs contended that the prior Wisconsin judgment had preclusive effect on the issue of Delavan's liability. Delavan, on the other hand, maintained that the doctrine of claim preclusion barred the plaintiffs from bringing the claim at all. The district court, holding that Wisconsin's declaratory judgment exception to the doctrine of claim preclusion was inapplicable, agreed with Delavan and granted it summary judgment. *See Stericycle, Inc. v. City of Delavan,* 929 F.Supp. 1162 (E.D.Wis.1996). The plaintiffs now appeal.

## II

## DISCUSSION

Federal courts must give Wisconsin judgments the same preclusive effect as

would the state courts of Wisconsin. *See* 28 U.S.C. § 1738; *E.B. Harper & Co. v. Nortek, Inc.*, 104 F.3d 913, 921 (7th Cir.1997). Here, both parties agree that the plaintiffs' § 1983 claim meets the general requirements for preclusion under Wisconsin law. *See Pliska v. City of Stevens Point*, 823 F.2d 1168, 1172–74 (7th Cir.1987) (holding that prior Wisconsin judgment precluded § 1983 claim). The plaintiffs, however, maintain that their claim falls within an exception to the general principle that prior judgments bar later suits: They submit that their first state claim was a declaratory judgment action and that, under *Barbian v. Lindner Bros. Trucking Co.*, 106 Wis.2d 291, 316 N.W.2d 371 (1982), an action for declaratory judgment does not preclude a subsequent action for damages. The plaintiffs reason that, insofar as they neither sought nor received damages in the state court, the present action for damages under § 1983 can go forward.

■ The Supreme Court of Wisconsin has recognized the general principle that "an earlier judgment is res judicata as to all matters which were or might have been litigated in that proceeding." *Id.* at 374. In *Barbian*, it adopted a common exception to that general principle: "We agree with the rule, as set forth in the Restatement, that a declaratory judgment is only binding as to matters which were actually decided therein and is not binding to matters which 'might have been litigated' in the proceeding." *Id.* at 375 (citing Restatement of Judgments § 77 cmt. b (1942)). The district court held that the *Barbian* exception was inapplicable here because the plaintiffs had sought coercive relief, an injunction, in addition to declaratory relief in the state proceeding. We agree with the district court that Wisconsin's highest court would hold that the *Barbian* exception operates only if the plaintiff seeks *solely* declaratory relief in the first proceeding. *See Mandarino v. Pollard*, 718 F.2d 845, 848 (7th Cir.1983), *cert. denied*, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); Restatement of Judgments § 77 cmt. b (1942) ("Where a plaintiff seeks a declaratory judgment, he is not seeking to enforce a claim against the defendant. He is seeking rather a judicial declaration as to the existence and effect of a relation between him and the defendant.

The effect of the judgment, therefore, . . . is not to merge a cause of action in the judgment or to bar it."), *quoted in Barbian*, 316 N.W.2d at 374–75; Restatement (Second) of Judgments § 33 cmt. c (1982) ("When a plaintiff seeks *solely* declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. . . . The effect of such a declaration, under this approach, is not to merge a claim in the judgment or to bar it.") (emphasis added); *id.* cmt. d ("Pleaders sometimes interpolate declaratory prayers redundantly in standard actions but this should not produce differences in the res judicata consequences of those actions. Thus a pleader demanding money damages may also ask for a corresponding declaration. For res judicata purposes the action should be treated as an adversary personal action concluded by a personal judgment with the usual consequences of merger, bar, and issue preclusion."); *cf. Vandenplas v. City of Muskego*, 753 F.2d 555, 560 (7th Cir.) (holding that *Barbian* does not apply if plaintiffs seek injunctive, not declaratory, relief in state proceedings), *cert. denied*, 472 U.S. 1018, 105 S.Ct. 3481, 87 L.Ed.2d 616 (1985).

In *Mandarino*, we explained that the purpose of declaratory actions—to provide "a remedy that is simpler and less harsh than coercive relief"—"is furthered when a plaintiff who has sought 'solely' declaratory relief is later permitted to seek additional, coercive relief based on the same claim." 718 F.2d at 848 (internal quotation and citation omitted). Then we reasoned that, even if Illinois would recognize the Restatement's declaratory judgment exception, the *Mandarino* plaintiff could not have availed himself of the Restatement's rule in any event because "his state court action did not seek 'solely' declaratory relief." *Id.; accord Cimasi v. City of Fenton*, 838 F.2d 298, 299 (8th Cir.1988) (interpreting Missouri law and citing Restatement (Second) of Judgments § 33); *Minneapolis Auto Parts Co. v. City of Minneapolis*, 739 F.2d 408, 410 (8th Cir.1984) (interpreting Minnesota law and citing same Restatement provision). In the present case, as in *Mandarino*, the plaintiffs' "request for a judicial declaration" in the first proceeding "was cou-

pled with a request for a[n] injunction." 718 F.2d at 848. Likewise, as in *Mandarino,* because the plaintiffs requested coercive relief in the first proceeding, allowing them to proceed with a subsequent § 1983 claim for damages would thwart the purpose of declaratory actions. The plaintiffs' attempts to escape the reasoning of *Mandarino* by insisting that the case involved Illinois law and by condemning its reasoning as dicta are unavailing. *Mandarino* was interpreting section 33 of the Restatement (Second) of Judgments, not Illinois law. Indeed, we had determined that section 33 had not been recognized by the courts of Illinois. And section 33 is the heir to section 77 of the first Restatement, which is the section *Barbian* incorporated into Wisconsin's law of claim preclusion.

The plaintiffs confess that our interpretation may be the majority rule, but, they say, it does not square with *Barbian.* They point out that the *Barbian* plaintiffs had not sought solely declaratory relief in their first round of lawsuits; they had instituted, in temporal sequence, an action for an injunction, an action for damages and then one for a declaratory judgment. Nevertheless, the first two actions in *Barbian* were "consolidated with the declaratory judgment claim." 316 N.W.2d at 373. Counsel for the plaintiffs assured us at oral argument that consolidation under Wisconsin law does not change the nature of the action and therefore that consolidation in *Barbian* would not have altered the fact that the plaintiffs were seeking an injunction and damages in addition to a declaration. Yet, regardless of the correctness of counsel's view (which we need not decide), the Supreme Court of Wisconsin, for the purposes of the *Barbian* decision, viewed the consolidated action as one that merely "sought a declaration." *Id.* In its view, the Barbians' consolidated complaint, quoted extensively in the *Barbian* opinion, did not contain prayers for any coercive relief; rather, all of the prayers requested some form of declaratory relief. *See id.* at 374. Wisconsin's Supreme Court made its view of the case's posture clear: "The [Barbians' prior] action did not ask directly for an injunction or damage award, but sought a declaration of rights and judgment that the Barbians were

entitled to such relief pursuant to the declaratory judgment statute...." *Id.* We decline the plaintiffs' invitation to second-guess the Wisconsin court's characterization of the facts and posture of *Barbian,* especially since doing so would put that court in conflict with the very Restatement provision it was interpreting, with our interpretation in *Mandarino* and with the policy underlying the exception.

■ The plaintiffs' final submission is that the Wisconsin judgment solely granted them declaratory relief, not an injunction. Yet it is clear that they *sought* an injunction, and under the Restatement, a plaintiff who *seeks* an injunction cannot later seek other coercive relief on the same claim. *See Mandarino,* 718 F.2d at 848; *Vandenplas,* 753 F.2d at 560; Restatement of Judgments § 77; Restatement (Second) of Judgments § 33. In any event, the Wisconsin judgment did grant injunctive relief to the plaintiffs. True, the document containing the state court's findings of fact and conclusions of law used the word "entitled," stating that the plaintiffs were *"entitled* to a judgment enjoining the City." R.12, Ex.C at 9 (emphasis added). That document, though, also said that the plaintiffs were *"entitled* to a declaratory judgment" and *"entitled* to all taxable costs." *Id.* (emphasis added). The state court later entered judgment on its findings of fact and conclusions of law "for the relief provided therein," R.12, Ex.D at 2, thereby granting an injunction to the plaintiffs. To illustrate the point, we note that, in its findings of fact and conclusions of law, the court stated that the plaintiffs were "entitled" to taxable costs, whereas, in the judgment, it actually awarded an amount of costs to the plaintiffs. The judgment therefore converted the "entitled" taxable costs into actual taxable costs. We likewise read the judgment as having converted the "entitled" declaratory judgment into an actual declaratory judgment and the "entitled" injunction into an actual injunction.

### Conclusion

The plaintiffs' § 1983 claim is barred under Wisconsin's law of claim preclusion. Accordingly, we need not address the plaintiffs' second contention that they should have been

granted partial summary judgment against Delavan on the issue of liability. The judgment of the district court is affirmed.

AFFIRMED.