**WORLD CHURCH OF THE CREATOR, Plaintiff,**

**v.**

**TE–TA–MA TRUTH FOUNDATION– FAMILY OF URI, INC.; James Germain URI, Defendants.**

**No. 03–1007.**

United States District Court, C.D. Illinois.

Jan. 15, 2003.

See also 297 F.3d 662.

Todd M. Reardon, A Citizen's Law Office, Charleston, IL, for Plaintiff.

*ORDER*

McDADE, Chief Judge.

Before the Court is Plaintiff's Complaint [Doc. # 1]. In this Complaint, Plaintiff

alleges fraud under the Lanham Act, 15 U.S.C. § 1120, common law fraud, deceptive trade practices under 815 ILCS 510/2, fraud under the Consumer and Fraud and Deceptive Business Practices Act 815 ILCS 5052 and common law conspiracy. Accordingly, the Court has jurisdiction under 28 U.S.C. § 1331. After reviewing the Complaint as well as other relevant documentation in the record, the Court dismisses this matter *sua sponte* on the grounds of *res judicata* for the reasons that follow.

According to the Complaint, Plaintiff World Church of the Creator is a religious organization that espouses the doctrine of "Creativity." The self-styled "Pontifex Maximus" ("highest priest") of this organization is Matt Hale, who resides in East Peoria, Illinois. Defendant TE–TA–MA Foundation Family of U.R.I., Inc. is a California corporation headquartered in Oregon. Defendant James Germain is the president of TE–TA–MA. Defendants registered the "Church of the Creator" trademark with the United States Patent and Trademark Office ("PTO") that is at the heart of this dispute. Defendants obtained this registration in 1988.

In 2000, Defendants filed a lawsuit alleging infringement of its "Church of the Creator" mark under § 43(a) of the Lanham Act, 15 U.S.C. § 1114(a)(1), in the Northern District of Illinois. The district court granted judgment in favor of Plaintiff, finding the term "creator" to be generic. *See TE–TA–MA Truth Foundation– Family of URI, Inc., v. World Church of the Creator,* 297 F.3d 662, 666 (N.D.Ill. 2002). Upon appeal, the Seventh Circuit reversed the district court's ruling and remanded the case back with instructions to enter judgment in favor of Defendants. *See TE–TA–MA Truth Foundation Family of URI, Inc., v. World Church of the Creator,* 297 F.3d 662, 667 (7th Cir.2002).

Accordingly, the district court entered judgment in favor of Defendants and enjoined Plaintiff from using Defendants' mark and ordered Plaintiff to "deliver up for destruction" all of its materials bearing the mark.

In the instant suit, Plaintiff seeks to: (1) enjoin Defendants from using Defendants' registered "Church of the Creator" mark; (2) have the Defendants deliver up for destruction any materials bearing the alleged "disputed mark;" (3) have Defendants account for and disgorge any profits derived from use of their mark, (4) have Defendants pay costs and attorney's fees; (5) have Defendants pay punitive damages; and (6) cancel the registration for Defendants' mark. (Plaintiff's Complaint pp. 9–10).

*Res judicata* is an affirmative defense. *See* Fed.R.Civ.P 8(c). It is a general principle of federal civil procedure that courts can raise affirmative defenses *sua sponte* if it "is so plain from the face of the complaint that the suit can be regarded as frivolous; and the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir.2002). This is the case here, as further explained below.

The Court finds that this suit is barred by the application of *res judicata.* "Under *res judicata,* 'a final judgment on the merits bars further claims by parties or their privities based on the same cause of action.'" *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (quoting *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). Accordingly, there are three elements constituting *res judicata.* "There must be 1) an identity of the parties or their privities, 2) an identity of the causes of action, and 3) a final judgment on the merits." *People Who Care v. Rockford Bd. of Educ.,* 68 F.3d 172, 177 (7th Cir.

1995). In the instant case, the parties are identical to those in the *TE–TA–MA Truth Foundation–Family of URI, Inc., v. World Church of the Creator*, 297 F.3d 662 (N.D.Ill.2002) case, and there has been a final judgment on the merits in said case. The only remaining question before this Court is whether both cases are based on the same cause of action.

■ Courts in this Circuit utilize the "same transaction" test for determining the scope of a cause of action. *See Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir.1986). Under this test, a "cause of action" consists of a " 'single core of operative facts' which give rise to a remedy." *Alexander v. Chicago Park District*, 773 F.2d 850, 854 (7th Cir.1985); *see also, Mandarino v. Pollard*, 718 F.2d 845, 849 (7th Cir.1983). The "same transaction" test is "decidedly fact-oriented." *Car Carriers, Inc.*, 789 F.2d at 593. "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost. Thus, a mere change in the legal theory does not create a new cause of action. .... Therefore, prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to those issues which *could* have been raised in that litigation." *Id.* (citations and quotations omitted).

■ Plaintiff's claims in the instant suit are aimed at the very validity of Defendants' "Church of the Creator" mark, which formed the basis for Defendants' prior trademark infringement suit. These claims, if borne out, would mean that Defendants' mark is invalid and therefore ineligible for protection under the Lanham Act since owning a "protectable mark" is one of the pre-requisites for prosecuting a trademark infringement claim. *See* 15 U.S.C. § 1114(1)(a); 15 U.S.C. § 1125(a); *A.J. Canfield Co. v. Vess Beverages, Inc.*,

796 F.2d 903, 906 (7th Cir.1986) (Under § 43(a) of the Lanham Act, a plaintiff must establish: (1) that it has a protectable trademark; and (2) a "likelihood of confusion" exists as to the origin of the defendant's products). As the validity of Defendants' mark gives rise to the remedies in both cases, the Court finds that this suit arises from the same cause of action as the Defendants' earlier trademark infringement suit before the Northern District of Illinois.

Additionally, by filing the instant suit, Plaintiff is really seeking to circumvent the normal appellate review process and engage in a "horizontal review" of the prior district court's ruling. Plaintiff's requested relief would have the effect of nullifying the rights established by Defendants in its prior trademark infringement action. In such cases, the Seventh Circuit has recognized that "[b]oth *precedent and policy require that res judicata bar a counterclaim when its prosecution would nullify rights established by a prior action.* Judicial economy is not the only basis for the doctrine of *res judicata. Res judicata* also preserves the integrity of judgments and protects those who rely on them." *Rudell v. Comprehensive Accounting Corp.*, 802–926, 928 (7th Cir.1986) (quoting *Martino v. McDonald's System, Inc.*, 598 F.2d 1079, 1085, *cert. denied*, 444 U.S. 966, 100 S.Ct. 455, 62 L.Ed.2d 379 (1979) (emphasis added)). *See* Restatement (Second) of Judgments § 22(2)(b) (1982) (a defendant is precluded from raising a claim that could have been raised as a counterclaim or a defense in the previous action if the relationship between the claim now being raised and the counterclaim or defense "is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action."). Accordingly, the Court finds that this case is barred by

application of the doctrine of *res judicata* and is therefore dismissed with prejudice. Each party is to bear its own costs.

CASE TERMINATED.