**Agwu NWOKE, Plaintiff–Appellant,**

v.

**Ray LEWIS, Defendant–Appellee.**

No. 02–3197.

United States Court of Appeals, Seventh Circuit.

Submitted April 1, 2003.*

Decided April 2, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

### ORDER

Agwu Nwoke brought suit under 42 U.S.C. § 1983, claiming that Ray Lewis, an Illinois State Police Officer, violated his civil rights by presenting false grand jury testimony against him. The district court dismissed his complaint, Fed.R.Civ.P. 12(b)(6), on the basis of *res judicata* and testimonial immunity. We affirm.

In June 2001 Nwoke filed a complaint in the Circuit Court of Cook County alleging that Lewis "violated [his] rights as a resident of the United States" by testifying falsely to a grand jury. Specifically, Nwoke alleged that on April 18, 1997, Lewis testified to a grand jury that Nwoke had been subpoenaed to appear that same day but had failed to do so. In fact, Nwoke alleged he was never subpoenaed to appear that day and Lewis's false statement led the grand jury to subpoena his phone records. In January 2002 the Illinois court dismissed the complaint with prejudice, concluding that testimonial immunity protected Lewis from being sued for his grand jury testimony. In February 2002 Nwoke filed this suit in federal court, repeating the allegations he had made in the Illinois suit. The district court dismissed Nwoke's complaint, explaining in a minute order that his suit was barred by the doctrines of *res judicata* and testimonial immunity.

Nwoke argues on appeal that the *res judicata* ruling was erroneous because the state court did not render a final decision on the merits of the case. Fundamental fairness, he contends, requires that the federal court reach the merits of his claim.

A federal court must give the same preclusive effect to state-court judgments as would the state court, 28 U.S.C. § 1738, and therefore we look to Illinois law to determine whether Nwoke's previous judgment bars his current claims. *See Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir.2002). Under Illinois law, the doctrine of *res judicata* bars a subsequent lawsuit if the previous suit: (1) was resolved by a court of competent jurisdiction with a final judgment on the merits; (2) was brought under an identical cause of action; and (3) involved the same parties or their privies. *Id.* Nwoke challenges only the first requirement, asserting without elaboration that "[d]ue to the dismissal of the state complaint, the state case was not fully litigated."

Illinois Supreme Court Rule 273 provides that "an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication on the merits." Ill. Sup.Ct. R. 273. The state court's dismissal of Nwoke's complaint on grounds of Lewis's testimonial immunity was thus an adjudication on the merits–a final judgment. *See Robertson v. Winnebago County Forest Pres. Dist.*, 301 Ill.App.3d 520, 234 Ill.Dec. 745, 703 N.E.2d 606, 608, 612 (1998) (dismissal of wrongful death action brought against numerous governmental entities, on the basis that the entities were

protected by statutory immunity, was a final judgment on merits and operated under *res judicata* to bar subsequent survival action brought by the plaintiffs against the same entities). And, although Nwoke doubts that the Illinois court correctly dismissed the case, *res judicata* operates irrespective of the correctness of the previous judgment. *See Bond v. Dunmire*, 129 Ill.App.3d 796, 84 Ill.Dec. 862, 473 N.E.2d 78, 82 (1984).

Nwoke also argues without elaboration that "fundamental fairness" requires that he be able to relitigate his claim. In support, he cites *People v. Somerville*, 42 Ill.2d 1, 245 N.E.2d 461 (1969), in which the Illinois court considered claims that could have been deemed *res judicata*. In *Somerville* the defendants tried to raise a claim of ineffective assistance for the first time before the Illinois Supreme Court. The court noted that the claim could properly be deemed *res judicata* because it could have been raised on appeal, but the court nevertheless went on to consider the merits of the ineffective assistance claims, stating that the doctrine of *res judicata* could be "relaxed" when fundamental fairness requires it. *Id.* at 464. Unlike *Somerville*, in which no court had yet addressed the defendants' claim that they had been denied their right to effective assistance of counsel, in this case the state court and the federal district court have already considered Nwoke's argument that testimonial immunity does not apply. Given this earlier judicial scrutiny, we do not believe that the case presents an issue of fundamental fairness, as in *Somerville*.

Nwoke also challenges the district court's alternative basis for dismissing the complaint–that testimonial immunity would shield Lewis from liability for his grand

jury testimony. Because we affirm the court's dismissal based on *res judicata*, we need not address Nwoke's argument that testimonial immunity does not apply. *See, e.g., Stericycle, Inc. v. City of Delavan*, 120 F.3d 657, 660–61 (7th Cir.1997).

Accordingly, the judgment of the district court is AFFIRMED.