MINNEAPOLIS AUTO PARTS COMPA-
NY, INC., Joseph E. Garber and
Nancy Garber, Appellants,

v.

The CITY OF MINNEAPOLIS; Albert J.
Hofstede; Judy Corrao; Patrick M.
Daugherty; Louis Demars; Walter Dzi-
edzic; Zollie Green; Sally Howard;
Charlee Hoyt; Mark Kaplan; Alice W.
Rainville; Walter H. Rockenstein; Den-
nis W. Schulstad; Jacqueline Slater
and Parker Trostel, Appellees.

No. 83–2251.

United States Court of Appeals,
Eighth Circuit.

Submitted June 7, 1984.

Decided July 31, 1984.

Robert J. Alfton, City Atty., by Les R.
Karjala, Asst. City Atty., Minneapolis,
Minn., for appellees.

William S. Rosen, Mark J. Kiperstin, St.
Paul, Minn., for appellants.

Before LAY, Chief Judge, and HEANEY
and BOWMAN, Circuit Judges.

LAY, Chief Judge.

In December, 1979, a Minnesota state
court determined that the City of Minneap-
olis and its City Council unlawfully refused
to issue to Minneapolis Auto Parts Compa-
ny, Inc. (MAPCO) the necessary permits
and licenses required to lawfully operate a
used auto parts business.[1] The court
granted injunctive relief to MAPCO, and
ordered the City to issue such permits. In
October, 1982, MAPCO brought an action
in federal court for damages under 42
U.S.C. § 1983 against the City of Minneap-

---

**1.** In addition to MAPCO, the plaintiff/appellants include Joseph E. Garber and Nancy Garber. They are the principle shareholders of MAPCO.

Unless otherwise indicated, references to MAPCO include the Garbers.

olis and members of the City Council. The federal district court, the Honorable Donald D. Alsop presiding, granted Minneapolis's motion for summary judgment, concluding that MAPCO had no cognizable substantive due process claim under 42 U.S.C. § 1983. 572 F.Supp. 389. The summary judgment was appealed, and oral argument was held February 14, 1984. We remanded the case to the district court to allow Minneapolis leave to amend their answer and assert the defense of res judicata. The district court was requested to certify its ruling within 60 days of our order.[2]

On remand the City amended its answer and asserted the *Migra* defense of claim preclusion. The district court concluded that Minnesota law on res judicata would preclude a subsequent § 1983 action for damages by a party who prevailed in an earlier action for declaratory and injunctive relief. We now have before us the district court's alternative rulings on the motions for summary judgment. We affirm the district court's grant of summary judgment based on res judicata and therefore do not reach the substantive due process issue.

■ The district court noted that Minnesota has three requirements for claim preclusion. First, there must be a final judgment on the merits. Second, the cause of action must be the same. Third, there must be an identity of the parties or their privies. *O'Neil v. Rueb*, 215 Minn. 296, 10 N.W.2d 363 (1943); *Melady-Briggs Cattle Corp. v. Drovers State Bank*, 213 Minn. 304, 6 N.W.2d 454 (1942). A judgment on the merits is an absolute bar to a second suit for the same cause of action not only

to matters litigated, but also to every matter that might have been litigated therein. *Scott-Peabody & Associates v. Northern Leasing Corp.*, 273 Minn. 236, 140 N.W.2d 614 (1966); *Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 124 N.W.2d 328 (1963).

■ The City contended that MAPCO's state and federal actions sought redress for the same wrong: refusal to approve applications for licenses and permits to conduct a used auto parts business. Both actions relied on identical operative facts to seek relief, although each sought different forms of relief. Additionally, the parties in the second suit are clearly in privy with the parties in the first suit, and there is no dispute that the judgment in the state action was a final judgment on the merits. The district court agreed.

MAPCO argues to this court, however, that its action for money damages did not exist, and the damages were not ascertainable, during the trial of the first action. Therefore, the damages could not have been litigated in the first action. Moreover, MAPCO contends that the Minnesota rule is that when a subsequent suit for money damages is brought by the prevailing party in a declaratory judgment action, the cause of action for money damages is not precluded by the earlier declaratory judgment.

The City contends that any business losses allegedly suffered after denial of the applications in May of 1979 until the time of the state court trial in November, 1979, were readily ascertainable at the time of the state court trial. In addition, future

**2.** On January 23, 1984, *Migra v. Warren City School District Board of Education*, —— U.S. ——, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), was decided by the Supreme Court. *Migra* held that, with respect to § 1983 actions, a plaintiff's state court judgment has the same claim preclusive effect in federal court that it would have in the state court where the judgment was rendered. Depending on state law, this includes preclusion not only of issues raised, but of issues that could have been raised. In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Court had previously made clear that issues actually litigated in a state court proceeding are

entitled to the same preclusive effect in a subsequent federal § 1983 action as would be given in that state court.

Preclusion is, of course, an affirmative defense, and the City of Minneapolis had not raised it before the district court. Rather than deciding the merits of the constitutional issue with a possible reversal and remand for a trial, and with the distinct possibility that the district court would then allow the City leave to amend its answer so as to assert res judicata, we certified the case back to the district court to consider the effect of res judicata.

damages were recoverable as long as plaintiffs could prove there was a reasonable certainty they would be incurred. We agree with the district court that these damages were ascertainable.

The district court acknowledged that the claim preclusive effect of a declaratory judgment generally is more limited than that of a full judgment on the merits. The *Restatement (Second) of Judgments* has restricted the claim preclusive effect of a declaratory judgment to "the matters declared." *Restatement (Second) of Judgments* § 33 (1980). Additionally, the Minnesota Supreme Court in *Howe v. Nelson*, 271 Minn. 296, 135 N.W.2d 687, 692 (1965), stated: "Where a subsequent suit for money damages is brought by the prevailing party in a declaratory judgment action, the cause of action for damages should not be considered merged into a judgment that merely declares abstract rights." [3]

We find the statement made in *Howe* distinguishable here because MAPCO sought more than declaratory relief in the original state court suit. MAPCO prayed for a decree that, first, determined that Minneapolis's denial of MAPCO's application was unreasonable, arbitrary, capricious, unlawful, and void; second, *ordered* and *directed* Minneapolis to adopt a resolution granting MAPCO's applications; third, *enjoined* Minneapolis from interfering with MAPCO's use of property; fourth, retained jurisdiction in the state court; and fifth, granted such other relief as just and equitable. The order of the state court *ordered* and *directed* the City to immediately issue, grant, and deliver to plaintiff the requested licenses and permits and *enjoined* Minneapolis from interfering with MAPCO's use of the property. Thus, the first suit did not merely result in a declaration of abstract rights, and we agree with the district court that claim preclusion applies when coercive relief is sought and granted in the first suit. As the district court noted:

The language of the Restatement (Second), § 33 comment c indicates that the traditional rule [of limiting the claim preclusive effect of a declaratory judgment] contemplates a situation where the first judgment is declaratory only. Comment c says, "When a plaintiff seeks *solely* declaratory relief, the weight of authority does not view [the plaintiff] as seeking to enforce a claim against the defendant." *Id.* (emphasis added). The comment further observes that, "A declaratory action is intended to provide a remedy that is simpler and less harsh than coercive relief ...." *Id.* The existence of a difference between declaratory and coercive relief is also evidenced by the following: "[T]he court's exercise of discretion to allow a declaratory action *when a damages or injunctive remedy could have been pursued* can be viewed as an express reservation of all issues not included in the declaratory proceeding." *Id.* (emphasis added).

District Court Memorandum Order at 9 (April 30, 1984). *See also University of New Hampshire v. April*, 115 N.H. 576, 347 A.2d 446, 450 (1975) ("While the res judicata effect of a declaratory judgment as to matters which could have been litigated but were not has been held more restrictive than that of a full judgment on the merits, the basis for such differential treatment is lacking in the present action, where coercive relief was sought and granted in the prior one.").

For the above reasons, we affirm the district court's grant of summary judgment on the basis of res judicata.

---

**3.** As the parties both agree, this statement is dicta inasmuch as the Minnesota Supreme Court in *Howe* applied the doctrine of res judicata to a subsequent action in which an insurer

attempted to deny coverage. The initial action had been a declaratory judgment wherein the insurer unsuccessfully claimed that its policy did not afford coverage.