838 F.2d 298
 Robert CIMASI and J. Barleycorn's, Inc., By and Through
Stuart J. Radloff as trustee, Appellants,
v.
CITY OF FENTON, MISSOURI; Joseph Morgan; Donald P.
Formhals; Gloria K. Schweiger; Jane Wulle; Joseph Clark;
Frances J. Pickles; Joan Harris; Jean Gerber; Neil Roark;
J. Carol Hitzert; Robert R. Sanders; Guy L. Youngman;
and Melvin West, Appellees.
 No. 87-1476.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 13, 1988.
Decided Feb. 2, 1988.
 
 Stephen B. Clark, Clayton, Mo., for appellants.
 Stefan J. Glynias and Laura B. Allen, St. Louis, Mo., for appellees.
 Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.
 LAY, Chief Judge.
 
 
 1
 On August 5, 1980, J. Barleycorn's, Inc., by and through its president, Robert Cimasi (hereinafter Barleycorn) entered into a commercial lease to operate a bar and restaurant. Barleycorn obtained a liquor license from the State of Missouri and St. Louis County, but failed to obtain a liquor license from the City of Fenton (Fenton). When Barleycorn applied for a liquor license, Fenton denied the application. Barleycorn thereafter filed suit in the Circuit Court of St. Louis County seeking a declaratory judgment that Fenton's liquor license ordinance was invalid, and additionally seeking injunctive relief against the enforcement of the ordinance. In March 1981 the circuit court declared the ordinance invalid and permanently enjoined Fenton from enforcing the ordinance. On appeal the Missouri Court of Appeals affirmed the holding that the ordinance was invalid but reversed the award of injunctive relief. Cimasi v. City of Fenton, 659 S.W.2d 532 (Mo.App.1983).
 
 
 2
 In July of 1984 Barleycorn filed a claim for damages in federal court under the federal Civil Rights Act, 42 U.S.C. Sec. 1983 (1982). The district court dismissed on the ground that the prior state court action precluded the section 1983 claim. Cimasi v. City of Fenton, No. 84-1535 C(5), slip op. at 4 (E.D.Mo. Nov. 30, 1984). Barleycorn appealed, asserting that it now sought damages in its separate action whereas in the state court suit Barleycorn sought only declaratory and injunctive relief. On appeal this court remanded to the district court for further findings. Cimasi v. City of Fenton, 781 F.2d 116 (8th Cir.1986).
 
 
 3
 On remand the district court once again entered a judgment of dismissal on the grounds of res judicata. Cimasi v. City of Fenton, No. 84-1535 C(5), slip op. at 3 (E.D.Mo. Mar. 13, 1987). Barleycorn once again appeals. Barleycorn now asserts that under Missouri Rule of Civil Procedure 87.10 there should not be claim preclusion. Rule 87.10 provides in pertinent part as follows:
 
 
 4
 Further relief based upon a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief.
 
 
 5
 In the original state court suit Barleycorn sought not only declaratory relief but coercive relief as well. We think it clear that Barleycorn's section 1983 claim is now barred under Missouri law. As the district court held, where a party seeks declaratory relief as well as affirmative relief through a coercive remedy, the exception under Farley v. Missouri Dep't of Nat'l Resources, 592 S.W.2d 539 (Mo.App.1979) does not apply. (Farley recognized an exception to res judicata where a plaintiff seeks solely to obtain declaratory relief in the original suit. 592 S.W.2d at 541). This court dealt with this identical issue in Minneapolis Auto Parts Co. v. City of Minneapolis, 739 F.2d 408 (8th Cir.1984). Although based on Minnesota law, we quoted from the Restatement (Second) of Judgments Sec. 33 (1980). We there observed that the language of the Restatement (Second) Sec. 33, comment c, states:
 
 
 6
 "A declaratory action is intended to provide a remedy that is simpler and less harsh than coercive relief...." The existence of a difference between declaratory and coercive relief is also evidenced by the following: "[T]he court's exercise of discretion to allow a declaratory action when a damages or injunctive remedy could have been pursued can be viewed as an express reservation of all issues not included in the declaratory proceeding."
 
 
 7
 Minneapolis Auto Parts Co. v. City of Minneapolis, 739 F.2d at 410 (quoting Dist.Ct.Mem.Ord. at 9 (D.Minn. Apr. 30, 1984) (quoting in turn from Restatement (Second) of Judgments Sec. 33, comment c)) (citations omitted) (emphasis added in Minneapolis Auto Parts, 739 F.2d at 410).
 
 
 8
 On this basis we held that the section 1983 claim was precluded. We adhere to that same ruling here.
 
 
 9
 Judgment affirmed.