STERICYCLE, INC., a foreign corporation, Michael D. Brennan, and Randall R. Garczynski, Plaintiffs,

v.

CITY OF DELAVAN, a municipal corporation, Defendant,

and

Insurance Company of North America, Intervening Defendant.

Civil Action No. 95–C–0950.

United States District Court,
E.D. Wisconsin.

June 12, 1996.

Gilbert J. Berthelsen, Capwell & Berthelsen, Racine, WI, for Plaintiffs.

Leslie L. Johnson, Brennan, Steil, Basting & MacDougall, Delavan, WI, Wendy G. Gunderson, Mingo & Yankala, Milwaukee, WI, for Defendant.

Richard Hollern of Stafford, Rosenbaum, Rieser & Hansen, Madison, WI, for Intervenor I.N.A.

## DECISION AND ORDER

REYNOLDS, District Judge.

■ This case involves a dispute over whether an exception to the general rule applies or whether an exception to the exception to the general rule applies. Generally, a party must litigate all claims arising out of a transaction in one lawsuit; for example, a party may not litigate liability in one action and then bring a second action for damages. The technical term for this rule is claim preclusion, which is just another way of saying that a party gets to argue a case only once. Because the plaintiffs have already won one suit involving the zoning ordinance at issue in this case, claim preclusion would usually bar this suit.

■ If the first suit is a declaratory judgment action, however, a party may litigate any issue not actually raised in the first action. For example, a party could obtain a declaration that a statute is unconstitutional in the first suit and then bring a second suit for the damages caused by the unconstitutional statute. The plaintiffs argue that this case falls within the declaratory judgment exception to claim preclusion. Although the City of Delavan ("Delavan") agrees that the exception exists, it argues that there is an exception to the exception. If the first case involved a request for both declaratory relief and coercive relief (damages or an injunction), the exception does not apply, and the party may not raise any claim for relief that could have been raised in the first suit. The plaintiffs argue that this exception to the exception is empty formalism. On the contrary, without it, the declaratory judgment exception would swallow up the claim preclusion doctrine. A party could always split their claims for relief by attaching a request for a declaratory judgment to their complaint in the first action. The court grants the motion and dismisses this case.

## FACTS

Michael Brennan ("Brennan") and Randall Garczynski ("Garczynski") wanted to buy some land in Delavan, develop it, and transfer it to Stericycle, Inc. Stericycle, Inc., would then build and operate a medical waste treatment and recycling plant. Delavan accepted an offer of purchase and granted a conditional use permit allowing the plaintiffs to develop the site for medical waste treatment and recycling. Delavan soon changed its mind about the facility and, on April 7, 1992, passed a Charter Ordinance that prohibited the disposal or processing of medical waste unless the waste was originally produced in Delavan.

Brennan, Garczynski, and Stericycle, Inc. (collectively "Stericycle"), sued Delavan in the Circuit Court of Walworth County, asking for a declaration that the ordinance was unconstitutional and for an injunction prohibiting Delavan from enforcing the ordinance. On January 13, 1994, the Circuit Court ruled that the ordinance violated the equal protection clause of the Fourteenth Amendment and the interstate commerce clause of the Constitution. That court also enjoined Delavan from enforcing the ordinance.

In September 1995, the plaintiffs filed this action seeking damages they suffered because of the Charter Ordinance. Stericycle filed for summary judgment on liability based on issue preclusion; in response, Delavan moved for summary judgment based on claim preclusion.

## ANALYSIS

■ Because the first suit occurred in state court, this court gives the same finality to it as a Wisconsin court would. 28 U.S.C. § 1738; *Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313 (7th Cir.1995). Under Wisconsin law, a final judgment precludes any law suit between the same parties if the issues in the second suit were litigated or could have been litigated in the first suit. *Northern States Power Co. v. Bugher*, 189 Wis.2d 541, 550, 525 N.W.2d 723, 727 (1995). Claim preclusion has three elements: the same parties in the two suits, the same cause of action in the two suits, and a final judgement on the merits in the first suit. *Id.* at 551, 525 N.W.2d at

728. Both sides agree that the state court case satisfies the three elements.

■ Wisconsin, however, has adopted a declaratory judgment exception to claim preclusion. *Barbian v. Lindner Bros. Trucking Co.*, 106 Wis.2d 291, 297, 316 N.W.2d 371, 375 (1982). If the first action was a declaratory judgment action, it is binding only to matters actually litigated, not those that could have been litigated. *Id.*, at 295–99, 316 N.W.2d at 374–75. Declaratory judgment actions receive special treatment because, unlike other law suits, the court only declares the legal relationship between the parties; it does not order any coercive relief. *Id.* at 296–97, 316 N.W.2d at 374–75 (*quoting* Restatement (First) of Judgments § 77 cmt. b (1942)). If the defendant loses a declaratory judgment action, neither does the defendant pay damages nor does the court force the defendant to take any action.

■ The declaratory judgment exception applies only if the prior action sought only declaratory relief. Although a claim for declaratory relief has a limited preclusive effect, it has no limiting effect on other claims in the lawsuit; a claim for coercive relief has the same preclusive effect whether or not there is also a claim for declaratory relief in the law suit. If, in the first suit, the plaintiffs sought any coercive relief (damages or an injunction) in addition to declaratory relief, the declaratory judgment exception is inapplicable. · Facing the same basic facts as this case, the Eighth Circuit came to this conclusion under Missouri law. *Cimasi v. City of Fenton*, 838 F.2d 298 (8th Cir.1988). After a state court had declared a zoning ordinance invalid and enjoined the defendant from enforcing it, the plaintiff filed a civil rights action for damages in federal court. Claim preclusion barred the civil rights action. *Id.* at 299. By asking for coercive relief (the injunction) in the first suit, the plaintiff lost the right to invoke the declaratory judgment exception. *Id.* The Eighth Circuit reached the same conclusion applying Minnesota law. *Minneapolis Auto Parts Co. v. City of Minneapolis*, 739 F.2d 408 (8th Cir.1984). Although in dicta and · although applying Illinois law, the Seventh Circuit agreed that asking for both declaratory and coercive relief triggered the normal claim preclusion rules and not the declaratory judgment exception. *Mandarino v. Pollard*, 718 F.2d 845, 848 (7th Cir.1983).

In other words, a party may not avoid the implication of claim preclusion by including a request for declaratory relief with a request for coercive relief. This exception to the declaratory judgment exception would bar this suit because the state court granted both injunctive and declaratory relief. That result assumes that Wisconsin would adopt this rule.

Stericycle argues that Wisconsin has already rejected this approach because the *Barbian* court applied the declaratory judgment exception even though the prior case had included a request for coercive relief. Stericycle argues that the prior suit in *Barbian* was a consolidation of the declaratory judgment action, which requested a declaration of the plaintiffs' right to damages and an injunction, with the action that directly asked for an injunction and for damages. In Stericycle's view, within the consolidation were separate claims for declaratory and injunctive relief.

Consolidation could also mean that the trial court chose to treat the entire case as one for declaratory relief alone, which was the Wisconsin Supreme Court's view: "The action did not ask directly for an injunction or damage award, but sought a declaration of rights and judgment that the Barbians were entitled to such relief...." *Id.* at 295, 316 N.W.2d at 373–74. However Stericycle views *Barbian*, this court must view the procedural posture of that case the same way as the Wisconsin Supreme Court did. Because the Wisconsin Supreme Court viewed the prior action as one solely for declaratory judgment, then that is the posture of *Barbian*.

Stericycle also argues that there is no real difference between an action for a declaration that the plaintiffs are entitled to an injunction and an action for an injunction, making the request for an injunction in the Walworth court irrelevant to claim preclusion. Although the declaratory judgment for the right to an injunction in *Barbian* is a

strange use of the declaratory judgment statute, that circumstance is relevant too whether the trial court in *Barbian* should have allowed the prior suit to proceed as a declaratory judgment action instead of a traditional suit for coercive relief. *See* Restatement (Second) of Judgments § 33 cmt. c (1980).[1] The type of declaratory relief sought in *Barbian* is irrelevant to the preclusive effect of a suit that includes a request for an injunction. Based on *Barbian*, logic, and policy, the Wisconsin Supreme Court would reject the application of the declaratory judgment exception if the prior action included any request for coercive relief.

■ Stericycle's view ignores the injunctive relief. If Stericycle had filed a suit for an injunction without declaratory relief, claim preclusion would bar a second suit for damages. Stericycle does not dispute this. The addition of a claim for declaratory relief cannot limit the preclusive effect of the injunctive relief. Regardless of the declaratory relief, the injunctive relief ordered by the state court triggers claim preclusion and bars this action.

## CONCLUSION

The court grants the City of Delavan's summary judgment motion and dismisses the case because claim preclusion bars this action.

**SO ORDERED.**

---

1. Although Wisconsin relied on the first restatement on judgments and not the second, on this issue, there is no difference, except the second restatement provides more detailed commentary.