DECISION
This matter is before the Court on defendants' William J. O'Coin and Clair H. O'Coin (defendants), motion for judgment as a matter of law pursuant to Super. R. Civ. P. 50. The defendants assert that plaintiff's, Belliveau Building Corporation (plaintiff), action is barred by res judicata.
The plaintiff filed an amended complaint alleging tortious interference with a contract when it attempted to sell real estate located in Cumberland, Rhode Island, on which it had constructed a single family residence. The plaintiff alleges defendants recorded a notice of intent to exercise preemptive right on May 13, 1987, and that this recording had the effect of interfering with plaintiff's contractual relations with prospective buyers. The plaintiff also alleges that when it entered an agreement in July 1987 to sell the real estate to another buyer for $349,000.00, defendants recorded a second notice of intent to exercise pre-emptive right on August 11, 1987. According to plaintiff's amended complaint, this second recording further interfered with plaintiff's contractual relations with a prospective buyer, for which plaintiff claims damages in the amount of $50,000.00. The plaintiff asserts that defendants were not entitled to exercise the pre-emptive right the first time they recorded a notice, and defendants had no intention to purchase the real estate for the proposed price the second time they recorded a notice.
The basis for defendants' res judicata claim is that in 1987, three years before the present action was instituted, plaintiffs[1] brought an action for declaratory judgment and injunctive relief requesting that the court determine whether the transfer of the real estate from Sandra L. Belliveau to Belliveau Building Corporation was a sale within the meaning of the restrictive covenant and condition granting defendants the right to exercise a preemptive right of purchase, which they recorded May 13, 1987. Plaintiffs also requested that the court declare defendants' exercise of preemptive right null and void, and "award the Plaintiffs such other and further relief as it in it's [sic] discretion shall deem meet and just, and the circumstances of this case require." The defendants filed a counterclaim for breach of contract. On November 20, 1987, the parties entered an agreed statement of facts containing, among other matters, the first notice defendants recorded on May 13, 1987, the corporation's agreement to sell the lot and house for $349,000.00, and the second notice defendants recorded on August 11, 1987.
In a decision on the first action rendered December 15, 1987, after a trial before the Court sitting without a jury, the Superior Court found that the right of first refusal was valid and enforceable against the plaintiffs, and that the plaintiffs' failure to give defendants proper notice of the transfer from Sandra L. Belliveau to the corporation constituted a breach of covenant for which specific performance was the proper remedy. The Superior Court entered an order on January 26, 1988, requiring specific performance that "The Defendants shall tender to the Plaintiffs Sixty Thousand ($60,000) Dollars [the amount paid by the corporation] for the parcel of land and a sum equal to the amount expended by the plaintiffs in the improvement of the subject property up to and including May 13, 1987."
The plaintiffs appealed to the Supreme Court, which reversed the judgment of the trial court on April 14, 1989. Belliveau v.O'Coin, 557 A.2d 75 (R.I. 1989). The Supreme Court held that the conveyance from Sandra Belliveau to the corporation did not give rise to the right of first refusal because the conveyance was made for legitimate tax reasons and did not result in a significant transfer of ownership interests to an unrelated third party. 557 A.2d at 78-79. The Supreme Court did not rule on the validity of the second notice but noted that "The O'Coins have stated that they will not exercise their pre-emptive right if they will be required to meet the offered price f $349,000." 557 A.2d at 76. The decision also states, "the defendants may seek to enforce their right of first refusal at such time and at such value as may exist in any conveyance by the corporation to an unrelated, prospective resident in an arm's-length transaction." 557 A.2d at 80.
The defendants now claim as an affirmative defense, and thus have the burden to establish, that the present action is barred by res judicata. The defendants have raised the defense in their answer and in their motion for judgment as a matter of law, which "may be made at any time before submission of the case to the jury." Super. R. Civ. P. 50 (a)(2). The standard for granting a motion for judgment as a matter of law does not differ from the previous directed verdict standard. Super. R. Civ. P. 50 (a)(1) committee notes. In deciding whether to grant the motion, the court "must consider the evidence in the light most favorable to the party against whom the motion is made without weighing the evidence or considering the credibility of the witnesses and extract from that record only those reasonable inferences that support the position of the party opposing the motion." Long v.Atlantic PBS, Inc., 681 A.2d 249, 252 (R.I. 1996).
The doctrine of res judicata, or claim preclusion, bars the relitigation of all issues that were tried or might have been tried in the original suit. E.W. Audet Sons v. Firemen's FundIns., 635 A.2d 1181, 1186 (R.I. 1984). The requirements for res judicata are (1) identity of parties, (2) identity of issues, and (3) finality of judgment. Id. Res judicata differs from collateral estoppel, or issue preclusion, which bars issues that were actually litigated in a prior action. Id. The underlying policy of res judicata "is to economize the court system's time and lessen its financial burden." ElGabri v. Lekas, 681 A.2d 271, 275 (R.I. 1996).
The plaintiff does not seriously contest defendants' assertion that the first and third requirements of res judicata exist. The first element requires that the parties to the second action be identical or in privity with the parties involved in the first action. The defendants and plaintiff here were parties in the first action. Nor does plaintiff dispute that the third requirement, finality of judgment, exists with respect to the first action, which was appealed to the Supreme Court.
The plaintiff does dispute the existence of the second requirement, identity of issues. The plaintiff claims defendants' interference with the sale of the property did not occur until after the first action had been decided by the trial court. The plaintiff relies on the following sequence of events in support of its argument. In July of 1987, a month after plaintiff filed the first action, it entered a contract to sell the property for $349,000. Defendants filed the second notice in August of 1987. The plaintiff argues that the second notice was not filed when the first action was commenced and that the buyers withdrew from the agreement in February of 1988, a month after the decision of the Superior Court. Moreover, plaintiff asserts the property was eventually sold to another buyer in September of 1989, after the Supreme Court decision in the first action. Thus, plaintiff contends that res judicata does not bar the present action because plaintiff did not have a cause of action for tortious interference with a contract until the July 1987 contract was formed, the defendants knew of the contract, the defendants interfered with the contract, and plaintiff lost its buyer because of the interference.
Alternatively defendants contend that a transactional analysis, which courts apply to determine identity of issues, shows that the two actions arose out of the same transaction or series of transactions. RESTATEMENT (SECOND) OF JUDGMENTS, §§ 24, 25 (1982); Gonsalves v. Alpine Country Club, 563 F. Supp. 1283, 1287 (D.R.I. 1983), aff'd, 727 F.2d 27 (1st Cir. 1984). The Rhode Island Supreme Court recently adopted the Restatement
approach in ElGabri v. Lekas, 681 A.2d at 276. Restatement(Second) § 24 states.
 "(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rule of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
 (2) What factual grouping constitutes a `transaction,' and what groupings constitute a `series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."
In applying this transactional analysis, courts consider the factors listed in § 24 to determine whether the two transactions are based on a common nucleus of operative facts: "1) whether the facts are related to time, space, origin or motivation; 2) whether the facts form a convenient trial unit; and 3) whether treating the facts as a unit conforms to the parties' expectations." Russo v. Baxter Healthcare Corp., 563 F. Supp. 565, 569 (D.R.I. 1996).
However, under the Restatement (Second), if the first action asks solely for a declaratory judgment, res judicata does not bar a second action requesting compensatory damages. Restatement (Second) of Judgments § 33 comment c. The declaratory judgment action must not join any form of coercive relief to its claim in order to qualify as an exception to the rules of res judicata. Stericycle, inc. v. City of Delavan, 929 F. Supp. 1162, 1164 (E.D. Wis. 1996). In the instant case, the plaintiff does not qualify for the declaratory judgment exception because the plaintiff asked for injunctive relief in the first action. Winterv. Northcutt, 879 S.W.2d 701, 707 (Mo. App. S.D. 1994); See alsoCimasi v. City of Fenton, 838 F.2d 298, 299 (8th Cir. 1988) (exception did not apply to plaintiff who sought declaratory judgment and injunctive relief); AIU Ins. Co. v. Superintendentof Ins., 600 A.2d 1115, 1117 (Me. 1991) (failure of plaintiff to seek damages in his suit for injunctive and declaratory relief barred a claim for damages in a subsequent action); Lube 495,Inc. v. Jiffy Lube Intern, Inc., 813 F. Supp. 100, 114 (D. Mass. 1993) (coercive relief such as injunction or damages takes a case outside of the declaratory judgment exception).
Defendants argue that under the transactional analysis, the present action is based on the same common nucleus of operative facts as the first action. Specifically, defendants point out that the first notice was pleaded in the complaint for the first action, and the second notice was included in the agreed statement of facts. Thus, defendants argue, plaintiff could have brought its legal claims for tortious interference at the same time it brought its claims in the first suit for declaratory judgment and equitable relief. Considering the evidence in a light most favorable to the plaintiff, this Court disagrees that plaintiff's claim for tortious interference, based on defendants' second filing of notice of intent to exercise preemptive rights arises out of the same common nucleus of operative facts that formed the basis for the first action. The first action was based on defendants' exercise of preemptive rights when Sandra Belliveau transferred the property to the corporation. The present action complains both of defendants' exercise of preemptive rights when Sandra Belliveau transferred the property to the corporation and defendants' second exercise of preemptive rights when the corporation entered into a contract with a third-party buyer. To the extent that plaintiff's tortious interference claim is based on defendants' second notice and interference with the July 1987 contract, it does not arise out of the same common nucleus of operative facts as the first action. However, to the extent that plaintiff's present claim is based on defendants' first notice, it does arise out of the same common nucleus and is barred by res judicata.
This Court considers the elements for tortious interference to determine whether a cause of action for tortious interference existed at the time of the first action. The elements for tortious interference with a contract are "(1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) his intentional interference; and (4) damages resulting therefrom." Jolicoeur Furniture Co. v. Baldelli, 653 A.2d 740, 752 (1995) (quoting Smith Development Corp. v. Bilow Enterprises,Inc., 112 R.I. 203, 211, 308 A.2d 477, 482 (1973)). The plaintiff argues that the interference with the second sale of the property did not occur until a month after the Superior Court's decision when the buyers withdrew from the contract. The plaintiff's argument is erroneous because the elements of tortious interference with the July 1987 contract existed several months after plaintiffs instituted suit, at which time defendants knew of the existence of the contract for the sale of the property and filed the second notice. Even though the buyers did not withdraw from the contract until after the decision was issued in the first action, tortious interference with a contract "`includes not merely the procurement of a breach of contract, but all invasion of contract relations, so that any act injuring or destroying persons or property which retards, makes more difficult, or prevents performance, or makes performance of a contract of less value to the promisee, may fall within its scope.'" Smith Development Corp. v. Bilow Enterprises, Inc., 112 R.I. at 212, 308 A.2d at 482; see also, New England Multi-UnitHousing Laundry Assoc. v. Rhode Island Mortgage Finance Corp.,893 F. Supp. 1180, 1192 (D.R.I. 1995) (citing Restatement(Second) of Torts, § 766 cmt. k (1979)). Thus, defendants correctly argue that plaintiffs could have amended the complaint in the first action to allege tortious interference with a contract.
However, the question before this Court is whether the doctrine of res judicata bars claims that arise from events that occur after the filing of the first suit, but before that suit's resolution. In other words, at issue is whether res judicata bars plaintiff's tortious interference claim that arises from the contract to sell the property which plaintiff and the buyer entered in July of 1987, a month after plaintiff filed the first suit. The Rhode Island Supreme Court has not specifically addressed this issue; however, the First Circuit recently addressed it in Russo v. Baxter Healthcare Corp., 919 F. Supp. 565, 570-71 (D.R.I. 1996). The First Circuit followed other circuits that have held res judicata does not bar claims that arise after the original suit is lodged. The court reasoned that although "the filing of supplemental pleadings is optional for the plaintiff; the existence of the doctrine of res judicata does not make the filing of supplements mandatory." The decision further states that it would be unworkable to require parties "to add to their original suits claims that arise on the eve of trial, and any cut-off after the filing date would be arbitrary and unwieldy." Id. Although the contract to sell the property and the second notice occurred during the pendency of the first action, both facts occurred after plaintiffs had filed suit. Even though plaintiffs could have amended their pleadings under our rules of civil procedure to include a claim for tortious interference, plaintiffs were not required to amend their pleadings. Instead, this Court follows the holdings of federal circuits which have disagreed that "res judicata preclusion of claims that `could have been brought' in earlier litigation includes claims which arise after the original pleadings is filed in the earlier litigation. Instead, . . . for res judicata purposes, claims that `could have been brought' are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action.'" Manning v. City of Auburn, 953 F.2d at 1360.See also, Green v. Illinois Dept. of Transp., 609 F. Supp. 1021
(D.C. Ill. 1985); Doe v. Allied-Signal, Inc., 985 F.2d 908 (7th Cir. 1993).
The claim for tortious interference was in existence at the time the defendants exercised their first preemptive notice. However, the tortious interference claim in regard to the second preemptive notice arose after the first suit was filed. Under the reasoning of Elgabri and Russo, supra, the tortious interference claim for the second preemptive notice is not part of the same transaction as the plaintiff's first suit for declaratory and injunctive relief.
Based on the foregoing analysis, this Court finds that the present action is not barred by res judicata to the extent that plaintiff is claiming tortious interference with the contract entered in July of 1987 to sell the property for $349,000. The plaintiff's claim for damages with respect to defendants' filing of the second notice of intent to exercise preemptive rights remains an issue. Any claims for tortious interference based on the filing of the first notice of intent to exercise preemptive rights, however, is barred. Therefore, defendants' motion for judgment as a matter of law is granted in part and denied in part.
Counsel shall prepare the appropriate judgment for entry.
[1] The plaintiffs in the earlier action included Belliveau Building Corporation and Sandra L. Belliveau and Ronald L. Belliveau, the sole officers and stockholders of the corporation.